# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 11-6337-RSR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSHUA RUSSO,

    Defendant.
_____/

## ORDER

    This matter is before the Court upon Defendant Joshua Russo's Motion for Reconsideration of Magistrate's Detention Order Based on New Facts [D.E. 23]. Upon careful consideration of the Motion and the record, the Court grants Defendant's Motion for Reconsideration to the extent that it seeks reconsideration of the Detention Order but denies Defendant's Motion for Reconsideration as it seeks the entry of a bond, for the reasons set forth below.

    Courts have tended to import the standards governing a civil motion for reconsideration into the criminal arena. *See, e.g., United States v. Pugh*, 2011 WL 1900724, *1 (11th Cir. May 20, 2011) (noting that the same standard of review applies to orders on both criminal and civil motions to reconsider) (citations omitted); *Edwards v. United States*, 2011 WL 2181001, * 1 (M.D. Fla. June 3, 2011) (noting that the Eleventh Circuit "has described a motion for reconsideration filed after the entry of final judgment as falling within the ambit of either Federal Rule of Civil Procedure 59(e) or 60(b)") (citing *Region 8 Forest Serv. Timber Purchases Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993)).

Accordingly, in considering the pending Motion for Reconsideration, this Court briefly reviews the standards governing a motion for reconsideration in a civil case. Reconsideration is "an extraordinary remedy which must be used sparingly." *Jackson v. Wesley*, 2011 WL 2144696, *1 (M.D. Fla. May 31, 2011). A motion for reconsideration should not simply rehash previously litigated issues, but instead, should raise new issues or identify a change in the factual or legal underpinnings upon which the original decision was based. *Id.* (quoting *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). Indeed, "[t]he movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Taylor*, 814 F. Supp. at 1073 (citations omitted).

Here, Defendant Joshua Russo seeks reconsideration of the detention order. On July 12, 2011, the Court held a full hearing on the Government's Motion for Detention and entered factual and legal findings supporting its original Order of Detention. In this regard, the Court found "by a preponderance of the evidence (as well as clear and convincing evidence) that Defendant constitutes a serious risk of flight for which no condition or combination of conditions will reasonably assure his presence as required." In explaining the basis for its determination, the Court noted,

> With respect to the presumption of risk of flight, in the course of Defendant's arrest, he took extreme measures to flee law enforcement officials. When approached by law enforcement in front of his apartment, Defendant ran and leaped off the balcony from the second floor, subjecting himself to serious potential injury and actually sustaining injuries to his ankle and face. Even then, Defendant allegedly continued to avoid arrest and had to be tased in order to be detained by law enforcement. The fact that Defendant went to such dangerous lengths to escape arrest is significant in this Court's evaluation of Defendant's likeliness to appear as required in this case.
>
> Although Defendant argues that he has never failed to make his court appearances and that he merely panicked when he jumped off the balcony, Defendant has never been sentenced to more than just over a year in state

>cases. In this case, however, if Defendant is found to be a career criminal offender, he faces a Guidelines range of at least 210 months' imprisonment. In light of his arrest behavior and the severity of the charges against him, the Court does not have a comfort level that Defendant will not have another moment of panic.
>
>Moreover, based on Defendant's several prior convictions, the Court does not have confidence that Defendant will be able to comply with any conditions that the Court may impose. . . .

D.E. 15 at 5.

Pointing to the Court's reference to the possibility that Defendant might be eligible for career-offender status, Defendant notes that one of the prior convictions offered by the Government at the detention hearing as a prior qualifying conviction does not, in fact, qualify as a predicate offense for career-offender status. D.E. 23 at 2. More specifically, Defendant represents that his 2003 alprazolam-related conviction was not a trafficking conviction, but rather, a simple possession conviction. *Id.* As a result, Defendant posits, he does not qualify as a career offender, and he faces a Sentencing Guidelines range of 63 to 78 months' imprisonment if convicted, instead of the 210 to 262 months he would have been subject to had he been convicted as a career offender. *Id.*

While the Court appreciates the new information and finds it to be a valid ground for seeking reconsideration of the Detention Order, the new information does not change the Court's determination by a preponderance of the evidence (as well as by clear and convincing evidence) that Defendant continues to represent a serious risk of flight for which no condition or combination of conditions will reasonably assure his presence as required. The Court cannot overlook the fact that Defendant jumped from a second-floor balcony, incurring significant injury to himself, in an effort to escape law enforcement at the time of his arrest. Regardless of whether Defendant now faces 63 months' imprisonment at the low end or 210 months' imprisonment, the fact remains that Defendant

has demonstrated himself by his own behavior in this particular case to constitute a serious flight risk. Sixty-three months is still a significant period of time to have to spend in jail — and thus, a substantial incentive for flight — for anyone, especially for someone who has never been imprisoned for much more than a year, despite his several prior convictions, and has already demonstrated his propensity to endanger himself in attempting to flee.

Nor, in view of the nature and frequency of Defendant's six prior felony convictions, can the Court have confidence that Defendant will be able to comply with any condition or combination of conditions of release that will reasonably assure his appearance as required. Under these circumstances, although the Court has reconsidered its Order of Detention, the Court continues to find that detention is necessary in this case. Consequently, the Court **GRANTS** the Motion for Reconsideration to the extent that the Court has reconsidered its Detention Order but **DENIES** the Motion for Reconsideration to the extent that it seeks reversal of the Court's Detention Order.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 25th day of July 2011.

ROBIN S. ROSENBAUM
United States Magistrate Judge

Copies to:   Hon. William J. Zloch
             Counsel of Record
             Pretrial Services (FTL)